UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAUWAN COUNTRYMAN,

    Plaintiff,

v.

TRANSUNION CORP.,

    Defendant.
_____/

Case No.  2:24-cv-11366
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 4)[1]

## I.    Introduction

This is a consumer rights case.  Plaintiff Jauwan Countryman (Countryman),[2] proceeding *pro se* and *in forma pauperis*, is suing defendant Transunion Corp. (Trans Union)[3] alleging that it violated the Fair Credit Reporting Act (FRCA) by reporting "inaccurate information."  Pretrial proceedings have been referred to the undersigned under 28 U.S.C. § 636.  (ECF No. 8).  Before the Court

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] A similar case was filed by Destiny Countryman, 2:24-cv-11364, who is presumably related to Jauwan Countryman.  That case was also referred to the undersigned and is the subject of a separate report and recommendation.

[3] Although Countryman named Transunion Corp. as defendant, the correct identity is Trans Union LLC.

1

is Trans Union's motion to dismiss for failure to state a viable claim under the FCRA. (ECF No. 4). Countryman has not responded to the motion and the time for doing so has passed. For the reasons that follow, it is RECOMMENDED that the motion be GRANTED, and the case DISMISSED.

## II. Background

On April 16, 2024, Countryman filed a complaint in state court. The complaint reads in full:

> Transunion has continued to violate my consumer rights after multiple attempts to correct the situation on my end. My report must be 100% accurate as a federally protected consumer.
> Violations –
>     15 U.S. Code 1602(p)
>     15 U.S. Code 1681
>     15 U.S. Code 1681(1)
>     15 U.S. Code 1681(b)
> I demand $5,000 which I'm entitled to under the FCRA.

(ECF No. 1-3, PageID.13). Trans Union timely removed the case to federal court based on federal question jurisdiction and then filed the instant motion.

Liberally construed, Countryman's complaint alleges that Trans Union somehow violated the FCRA because his credit report is not accurate, referencing four sections of the FCRA.

## III. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider documents which are referenced in the complaint and integral to a plaintiff's claims. *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).

IV.  Countryman's Failure to File a Response

Trans Union filed the instant motion on May 29, 2024. Under the local rules, a response was due by June 24, 2024, at the latest. *See* E.D. Mich. LR 7.1(e)(2). Countryman did not file a response. About a month later, on July 19, 2024, the case was referred to the undersigned. (ECF No. 8). On July 22, 2024, the undersigned directed that Countryman file a response to the motion, which was already long overdue, by August 9, 2024. (ECF No. 9). That date has also passed, and the motion remains pending without a response.

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P.

4

12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. However, the Sixth Circuit has also held that a failure to respond to a motion to dismiss can be grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

Although Countryman's failure to respond could be considered a failure to prosecute, the Court declines to recommend that Trans Union's motion be granted on these grounds. Instead, the Court will consider the merits of the motion.

V. Discussion

Trans Union argues that the complaint should be dismissed because it fails to identify any factually inaccurate information that Trans Union reported or otherwise set forth any allegations as to how Trans Union violated any of the referenced statutes. The undersigned agrees.

The "FCRA expressly creates a private right of action to enforce many of its terms. Consumers may bring suit to recover actual damages, and potentially

attorney's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed ... with respect to any consumer' under the Act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o).

As explained in *LaBreck v. Mid-Mich. Credit Bureau*, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016), the FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information. The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *LaBreck*, at *2 (citing *Ruggiero v. Kavlich*, 411 F.Supp.2d 734, 736 (N.D. Ohio 2005)).

The Court has assumed that Countryman is asserting a claim against Trans Union as a credit reporting agency. Under 15 U.S.C. § 1681i(a), a credit reporting agency must investigate disputed information free of charge at the consumer's request. However, a violation of this statute does not exist if an inaccuracy does not exist. 15 U.S.C. § 1681i(a).

Read liberally, Countryman appears to allege that Trans Union reported and

6

furnished inaccurate information and that Trans Union is somehow liable under the FCRA. Importantly, to make out a FCRA claim, Countryman must "show[] that information in a credit report is inaccurate." *Cohen v. Trans Union*, 67 Fed. Appx. 325, 327 (6th Cir. 2003) (citing *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996)); *see also Dickens v. Trans Union, Corp.*, 18 F. App'x 315, 317-18 (6th Cir. 2001); *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941-42 (6th Cir. 2020).

The complaint does not specify what information is at issue, why Countryman's report is not "100% accurate," or how any allegedly inaccurate information resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. Countryman also has not alleged that Trans Union reported any inaccurate information or that any third parties received inaccurate credit reports from Trans Union. Thus, at the most basic level, he has not alleged a plausible claim under the FCRA.

Turning more specifically to 15 U.S.C. § 1681b, this section of the FCRA sets forth numerous permissible purposes under which a credit reporting agency is permitted to prepare a consumer report. Although a credit reporting agency may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. 15 U.S.C. § 1681b(a). Some of the permissible purposes include: (1) in connection with "a credit transaction involving the consumer on whom the information is to be

furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally, "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

Trans Union cannot be liable under the FCRA for furnishing consumer reports to a person it believes will use the information for one of the several permissible purposes. *See generally id.*; *see also Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) ("the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer'"); *Lusk v. TRW, Inc.*, 173 F.3d 429 (6th Cir. 1999) (affirming the district court's decision to dismiss plaintiff's complaint because the furnisher had a permissible purpose to access plaintiff's credit report).

Therefore, to the extent Countryman alleges that Trans Union furnished his credit report without a permissible purpose, his claim fails.

Additionally, Countryman cites 15 U.S.C. § 1602(p). However, this section is related to Congressional findings and does not provide a cause of action. *See Young v. Experian Info. Sols., Inc.*, No. CV TDC-22-1057, 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022) (noting that this section falls "within the part of the FCRA identifying 'Congressional findings and statement of purpose' and thus does not provide a basis for a specific cause of action.").

At best, it appears that Countryman simply disagrees with Trans Union's reporting, but he never describes which exact information he believes to be inaccurate. Therefore, the complaint fails to state a viable claim against Trans Union under the FCRA.

## VI. Conclusion

For the reasons stated above, it is RECOMMENDED that Trans Union's motion to dismiss be GRANTED and the case be DISMISSED.

Dated: October 11, 2024                     s/Kimberly G. Altman
Detroit, Michigan                                  KIMBERLY G. ALTMAN
                                                             United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2024.

                                            s/ Kristen Castaneda
                                            Kristen Castaneda
                                            Case Manager